Brenda M. Phelps, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued June 7, 1979, before Judges WILKINSON, JR., MENCER and MACPHAIL, sitting as a panel of three.

*Eugene A. Steger, Jr.,* with him *Perna & Steger,* for petitioner.

*Gary Marini,* with him *Reese F. Couch,* Assistant Attorney General, and *Edward G. Biester, Jr.,* Acting Attorney General, for respondent.

OPINION BY JUDGE WILKINSON, JR., July 10, 1979:

Claimant appeals from a denial by the Unemployment Compensation Board of Review (Board) of unemployment compensation benefits under Section 402 (b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1) voluntarily terminating her employment without reason of a necessitous and compelling nature. We affirm.

Claimant was referred by the Bureau of Employment Security to a job with a description which read in pertinent part: ''Must be good typist. Other duties related to other secretarial work. Benefits.'' She was interviewed by the employer and accepted for the job. She worked one day, December 6, 1977. She did not return to work because she says her entire first day was spent entering figures into an accounts receivable ledger, a task she was incapable of doing and which was not in the job description.

Testimony reveals that her first day was basically bookkeeping and that her work was mistake ridden—but also that this did not disturb the employer. He testified that he told her not to worry, she would learn.

Claimant asserts that the job description was deceptive; she was performing as a bookkeeper when she was led to believe she would be a secretary. We disagree. There is no testimony in the record which indicates that she would be forever bound to accounts receivable ledger books. Furthermore, she testified that she was told in her interview that she would be "typing the end of month balance sheets and, you know, *things like that*." (Emphasis added.)

And finally, and most importantly, we have to say that we agree with the referee when he reasoned that:

A genuine desire to continue in gainful employment would dictate that the claimant attempt to perform the work duties for a reasonable period of time and it is concluded that one day does not constitute a reasonable period of time. Under these circumstances, it is concluded that the claimant is not eligible for benefits under Section 402(b)(1) of the Law.

Accordingly, we will enter the following

ORDER

AND Now, July 10, 1979, the order of the Unemployment Compensation Board of Review, dated March 16, 1978, No. B-154946 is hereby affirmed.